**FILED**

**February 21, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:34 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Michael T. Swafford,** | ) | **Docket No. 2016-01-0439** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Morristown Drivers Service, Inc.,** | ) | **State File No. 51936-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **Cherokee Ins. Co.,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER
## DISMISSING CLAIM WITH PREJUDICE

This claim came before the undersigned Workers' Compensation Judge on February 17, 2017, upon a Motion to Dismiss filed by Morristown Drivers Service, Inc. The central focus of Morristown's dismissal motion is Mr. Swafford's failure to file for a hearing as required by both the Workers' Compensation Law and the orders of this Court. The Court considers Morristown's motion as a Motion to Dismiss for failure to prosecute pursuant to Tennessee Rule of Civil Procedure 41.02(1). For the reasons set forth below, the Court dismisses Mr. Swafford's claim with prejudice to its refiling.

### History of the Claim

Mr. Swafford filed a Petition for Benefit Determination on July 12, 2016. The mediating specialist issued a Dispute Certification Notice after mediation did not resolve the parties' issues. Because neither party filed for a hearing within sixty days of the issuance of the Dispute Certification Notice, the Clerk placed the claim on its Show Cause Docket and scheduled a telephonic Show Cause Hearing.

The Court conducted the Show Cause Hearing at which Mr. Swafford and Stephen Heard, attorney for Morristown, appeared. Mr. Swafford expressed his intent to proceed with his claim, but stated he had not previously understood that he needed to file for a hearing within sixty days from the date of the issuance of the Dispute Certification Notice. The Court explained the procedures and gave him until January 10, 2017, to file

1

for a hearing. The Court scheduled a telephonic Status Conference on January 10 to monitor Mr. Swafford's progress.

Mr. Swafford and Mr. Heard participated in the Status Conference. Mr. Swafford announced he had not filed for a hearing, but thought he had engaged an attorney to represent him. The Court granted Mr. Swafford until January 18, to request a hearing and scheduled another Status Conference on January 18 to monitor his process.

The Court conducted the next Status Conference as scheduled, but Mr. Swafford did not appear. The Court unsuccessfully attempted to contact Mr. Swafford by telephone and gave him several minutes after the scheduled time to appear. Mr. Heard appeared at the scheduled time and, when Mr. Swafford did not appear after the expiration of several minutes, the Court conducted the Status Conference in his absence. Mr. Heard informed the Court that he had not yet received service of a request for hearing filed by Mr. Swafford.

The Court informed Mr. Heard that, if Mr. Swafford did not file a request for hearing by the end of business on January 18, the Court would entertain his client's dismissal motion. Morristown filed its Motion to Dismiss on January 19, alleging Mr. Swafford had not filed a request for hearing as required by law and ordered by the Court. A review of the file of the Clerk of the Court of Workers' Compensation Claims revealed that Mr. Swafford did not file the request by the end of business on January 18, and in fact has not filed for a hearing to date.

The Court scheduled a telephonic hearing on February 17, 2017, to consider Morristown's Motion to Dismiss. The Court's assistant served two Docketing Notices on both parties confirming the time and date of the hearing. Mr. Heard appeared at the scheduled time for the hearing; however, Mr. Swafford did not. After allowing several minutes to pass to assure that Mr. Swafford did not call in late, the Court conducted the hearing without Mr. Swafford's participation.

**Findings of Fact and Conclusions of Law**

The Court follows the following legal principles in deciding Morristown's Motion to Dismiss. Tennessee Code Annotated section 50-6-239(a)(1) (2016) requires that one of the parties to a claim request either an expedited hearing or scheduling hearing within sixty days from the issuance of a dispute certification notice. When neither party requests a hearing within the requisite time period, the Clerk places the claim on the Court's Show Cause Docket pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.12(1) (2016). The Court then conducts a Show Cause hearing to determine the parties' intent in moving forward with the claim.

Mr. Swafford stated his intent to pursue his claim during the Show Cause Hearing

2

here. In reliance upon Mr. Swafford's stated intent, the Court twice extended his time to request a hearing. Morristown filed its Motion to Dismiss after both extensions expired without Mr. Swafford filing for a hearing.

Tennessee Rule of Civil Procedure 41.02(1) (2016) provides a mechanism by which a defendant may seek the dismissal of the claim "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" Subsection (3) of Rule 41.02 provides that a dismissal under Rule 41.02(1) is "an adjudication on the merits" unless the Court orders otherwise in its order of dismissal.

Based on a review of the record in this claim, the Court finds that Mr. Swafford did not file for a hearing as required by the Workers' Compensation Law. The Court twice extended Mr. Swafford's time to file for a hearing, and ordered that he file for a hearing on or before established deadlines. Mr. Swafford did not comply with the Court's orders.

In view of the above, the Court holds that Morristown is entitled to a dismissal of this claim because Mr. Swafford has failed to prosecute his claim as required by both the Workers' Compensation Law and the orders of this Court. Accordingly, the Court dismisses Mr. Swafford's claim with prejudice to its refiling.

The Court taxes the filing fee to Morristown and/or its carrier pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016). Morristown and/or its carrier shall remit the filing fee to the Clerk of the Court of Workers' Compensation Claims within ten days from the date of the issuance of this order.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Swafford's claim is dismissed with prejudice to its refiling.

2. The Court taxes the $150 filing fee in this claim to Morristown and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Bureau's Mediation and Hearing Rules (2016). Morristown or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. Counsel for Morristown shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**ENTERED** this the 21st day of February, 2017.

_____

**Thomas Wyatt, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order Dismissing Claim With Prejudice was sent to the following recipients by the following methods of service on this the 21st day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Swafford, self-represented | | | X | MSwaf28@gmail.com |
| Steven Heard, Attorney | | | X | skheard@cclawtn.com |

_____ w/permission

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4